**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SEAN KISNER, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 10-03527-CV-S-DGK |
| | ) | |
| v. | ) | |
| | ) | |
| BANK OF AMERICA, NA, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

Pending before the Court is the Plaintiff's fully-briefed Motion to remand. Docs. 6, 17-18. For the reasons discussed herein, the Plaintiff's Motion is GRANTED. This case is REMANDED to the Circuit Court of Greene County, Missouri.

**Background**

On November 23, 2010, the Plaintiff filed suit against the Defendants—Bank of America, N.A., BAC Home Loans Servicing, LP, and Kozeny & McCubbin, LC, Successor Trustee—in the Circuit Court of Greene County, Missouri. Doc. 1-1. The Plaintiff alleged Wrongful Foreclosure, Breach of Contract, Negligence, Slander of Title/Credit, and requested punitive damages, attorneys' fees and costs. The Plaintiff alleges that he purchased a property near Strafford, Missouri and mortgaged it for $225,000 in 2007. Bank of America ("BOA") was assigned the mortgage in 2009. The Plaintiff contacted BOA in December 2009 regarding obtaining more favorable terms and was assured that he qualified for a modification under the "Making Home Affordable"[1] program. The Plaintiff was instructed to and began making modified payments of $1,053.49, prior to receiving and completing paperwork for this

---

[1] The Home Affordable Modification Program ("HAMP") is a federal program initially authorized by the Emergency Economic Stabilization Act of 2008 and enacted by the Department of the Treasury in March 2009.

modification. After a protracted process of sending and receiving various documents to and from BOA, and being told that the modification was processing, the Plaintiff alleges that he was informed in September 2010 that he did not qualify for the modification program. However, BOA informed the Plaintiff that the payments he had made would be nonetheless applied to his mortgage and that new paperwork for a different modification program was forthcoming. BOA instructed him to continue making the modified payments. In October, BOA told the Plaintiff that he had been rejected by the Making Home Affordable program because BOA had not been able to contact him. Shortly thereafter, the Defendant Kozeny & McCubbin ("K&M") contacted the Plaintiff and informed him that BOA had retained it and that various options might be available to avoid foreclosure. The next day, K&M told the Plaintiff that his account had been referred to it for foreclosure. A week later, K&M informed the Plaintiff that foreclosure would take place on November 15, 2010, which was then postponed to December 3. The state lawsuit followed shortly thereafter.

Prior to removal, the Missouri courts entered two temporary restraining orders preventing the Defendants from "conducting any extra-judicial foreclosure sale of/against [the Plaintiff's property]." Doc 1-4 at 16-17, 35-36. BOA removed this case on December 23, 2010, claiming diversity of citizenship jurisdiction. Doc. 1. While recognizing that K&M is a non-diverse party—both it and the Plaintiff are Missouri citizens—BOA argues that the Plaintiff fraudulently joined K&M to defeat removal and that its citizenship should therefore be ignored. BOA asserts that since all actions of K&M were allegedly done on its behalf, K&M owed no duty to the Plaintiff.

**Standard**

Title 28, section 1441(a) allows defendants to remove state court lawsuits that could have been filed in federal court "to the district court of the United States for the district and division embracing the place where such action is pending." The district courts have diversity of citizenship jurisdiction over actions where the amount in controversy exceeds $75,000 and no plaintiff is a citizen of the same state as any defendant. 28 U.S.C. § 1332. If a party has been fraudulently joined to defeat federal jurisdiction, that party's citizenship is ignored in determining the propriety of removal or remand. *Iowa Public Svc. Co v. Medicine Bow Coal Co.,* 556 F.2d 400, 404 (1977). But the standard to prove fraudulent joinder is fairly exacting— joinder "is not fraudulent where 'there is arguably a reasonable basis for predicting that the state law might impose liability based upon the facts involved.'" *Junk v. Terminix Intern. Co.,* 628 F.3d 439, 446 (8th Cir. 2010) (quoting *Filla v. Norfolk S. Ry. Co.,* 336 F.3d 806, 811 (8th Cir. 2003)).

**Discussion**

**A. The Amount in Controversy Exceeds the Jurisdictional Requirement**

As mentioned previously, the mortgage at issue was for $225,000. Furthermore, the Defendant has submitted Greene County property assessments valuing the property at $230,000. Though the Plaintiff seeks actual damages and punitive damages, he argues that the Defendants cannot show that the amount in controversy exceeds $75,000 because the primary object of his lawsuit is to obtain an order either enjoining the foreclosure altogether or converting it to a judicially supervised foreclosure. The prayer for damages is not the last word on the amount in controversy—the question is whether the fact finder could legally award damages in excess of $75,000. *Kopp v. Kopp,* 280 F.3d 883, 885 (8th Cir. 2002) (endorsing the view that the party

invoking federal jurisdiction must show "that it does not appear to a *legal certainty* that the claim for relief is for less than the [statutory amount]") (emphasis added) (quoting 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3702 (3d ed. 1998)). Furthermore, the Court is unmoved by the Plaintiff's protestations that he is primarily seeking injunctive relief. *See Hunt v. Washington State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977) ("In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation."). For example, in *Hunt*, the Supreme Court noted that "that object is the right of the individual Washington apple growers and dealers to conduct their business affairs in the North Carolina market free from the interference of the challenged statute." *Id.* While the Plaintiff asserts that the object of the litigation is not the property, he admits that the object is "to obtain he benefit for which he bargained…" Doc. 18 at 6. The benefit he bargained for is ownership and possession of a property which he and the seller valued at $225,000 when he voluntarily purchased it at that price. The amount in controversy in this case clearly exceeds $75,000 and there is no basis for remand on this issue.

   **B. Independent of Any Potential Fraudulent Joinder, The Defendants Have Not Carried the Burden of Invoking Federal Jurisdiction**

The Plaintiff is a citizen of Missouri based on his domicile in Greene County. Accordingly, the Court does not have subject matter jurisdiction if any properly joined defendant is a citizen of Missouri. The Defendants admit that K&M is a Missouri citizen, but claim that it was fraudulently joined. The Defendants assert that Bank of America, N.A. is a "federally chartered bank with its main office located in North Carolina." This would make it a citizen of North Carolina under the "principal place of business" rule of section 1332(c)(1), but does not answer the question Bank of America's state of incorporation. Upon review of the Delaware

Secretary of State's Division of Corporation's website, it appears that Bank of America is a Delaware corporation. This would make it a citizen of both Delaware and North Carolina under 28 U.S.C. § 1331(c)(1). The Defendants further assert that BAC Home Loans Servicing LP—the real party rather than the misnamed "Bank of America Home Loans"—is a Texas limited partnership, the members of which are both Nevada LLCs. The citizenship of a limited partnership is determined by the citizenship of its partners, both limited and general. *Buckley v. Control Data Corp.,* 923 F.2d 96, 97 (8th Cir. 1991) (citing *Carden v. Arkoma Assocs.,* 494 U.S 185, 195 (1990)). But the fact that both members are Nevada LLCs does not necessarily make BAC Home Loans Servicing LP a Nevada citizen. The citizenship of an LLC is determined by the citizenship of *its* members. *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.,* 357 F.3d 827, 829 (2004). The alleged partners of BAC Home Loans Servicing LP are BANA LP, LLC and BANA GP, LLC. Upon review of the Nevada Secretary of State's website, it appears that BANA LP, LLC is a North Carolina citizen based on the citizenship of the "managing member." The Court is unable to find any listing for BANA GP, LLC. While the citizenship of the other parties suggests that it is not terribly likely that BANA GP, LLC is a Missouri citizen, the Court should not be in the position of independently researching the parties' citizenship and having to make such assumptions. The burden is on the party invoking federal jurisdiction. *Bell v. Hershey Co.,* 557 F.3d 953, 956 (8th Cir. 2009). Independent of K&M's citizenship and the question of whether the Plaintiff fraudulently joined it, the Court finds that the Defendants have not carried that burden, necessitating remand.

### C. The Plaintiff Did Not Fraudulently Join K&M

The Defendants' Notice of Removal asserts that K&M was fraudulently joined because it was acting as BOA's agent and that the Plaintiff therefore has no real claim against K&M. *See*

5

Doc. 1 at 2 ("All factual allegations in the Petition involving Kozeny state that Kozeny was a trustee acting at the direction of Bank of America, and all claims for relief are made against Bank of America."). In support of this position, the Defendants cite *Morgan v. Chase Home Finance, LLC,* 306 Fed. Appx. 49 (5th Cir. 2008). This case does indeed stand for the proposition that, under Texas law, a trustee does not owe any fiduciary duty to the homeowner and is therefore fraudulently joined. *Id.* at 53 (citing *Stephenson v. LeBoeuf,* 16 S.W.3d 829, 838 (Tex. Ct. App. 2008)). But this is at best persuasive authority and does not control the underlying question dispositive of fraudulent joinder—namely, whether there is an arguably reasonable basis that the Missouri courts might impose liability on K&M. The Plaintiff cites caselaw suggesting a trustee's duty to the mortgagor, the Defendants counter with the argument that those cases deal with failure to properly conduct a foreclosure sale, which has not taken place. *See Judah v. Pitts,* 62 S.W.2d 715, 719 (Mo. 1933) (finding insufficient evidence to show that trustee colluded with other defendants to foreclose on property at a nominal price). Prior to the sale, the Defendants assert that the trustee is neither required to "mak[e] any affirmative investigation" to confirm the propriety of the foreclosure nor "giv[e] any special notice to the debtor." *Spires v. Edgar,* 513 S.W.2d 372, 378 (Mo. 1974). But putting aside the question of whether the Plaintiff will ultimately be able to recover legal damages from K&M, it seems impossible to escape the fact that K&M is the primary party against whom the Plaintiff needs injunctive relief. The Missouri courts have *already* imposed liability on K&M by issuing a restraining order against the foreclosure. The Defendants have failed to show that there is no "reasonable basis" for liability against K&M under Missouri law.

**Conclusion**

While the amount in controversy clearly exceeds $75,000, there is no basis for subject matter jurisdiction due to the citizenship of the parties. The Defendants have not carried their burden to show the citizenship of the BOA defendants. Nor have they shown that the Plaintiff fraudulently joined K&M to defeat federal jurisdiction. The Defendants theory would prevent the Plaintiff from joining the party against whom he most needs injunctive relief—the party attempting to foreclose on his property within a matter of weeks. Since both the Plaintiff and K&M are Missouri citizens, the Court has no jurisdiction to hear this case. The Plaintiff's Motion to remand to the Circuit Court of Greene County, Missouri is GRANTED.

**IT IS SO ORDERED**

Dated: June 1, 2011                                    /s/ Greg Kays
                                                       GREG KAYS,
                                                       UNITED STATES DISTRICT JUDGE